# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Estefania Barron, Individually and On Behalf of All Similarly Situated Persons,<br>　　Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-1400 |
| Latinos Unidos Auto Sales, LLC and Arash "Andrew" Darvish-Kojori,<br>　　Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Despite having been previously sued for violations of the FLSA and having a judgment entered against them, Defendant Latinos Unidos Auto Sales, LLC ("Latinos") have continued their business plan that includes paying non-exempt employees salaries with no overtime pay when they work more than 40 hours in a week, even though the employees do not perform the job duties of an exempt employee. This illegal practice allows Latinos to gain an unfair advantage over competitors who follow the law in their employment practices. Arash "Andrew" Darvish-Kojori ("Kojori") is an owner and control person of Latinos and is instrumental in determining and putting into place these illegal practices. Plaintiff Estefania Barron ("Barron" or "Plaintiff") is one of a number of employees hired by Latinos as a salaried and ostensibly exempt employee. Barron brings this lawsuit on her own behalf and on behalf of her former co-workers against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

## Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Barron worked for Latinos as a salaried employee from January 4, 2019 until April 8, 2022.

2. Barron's duties included, but were not limited to, calling customers who were behind on their payments to try to collect payments, submitting insurance claims for vehicles that had been wrecked, and arranging repossessions of vehicles from delinquent customers.

3. During the time she worked for Latinos, Barron regularly worked more than 40 hours per week.

4. Latinos paid Barron on a salary basis and required that she work at least 54 hours per week.

5. Latinos did not pay Barron an overtime premium for any of the hours she worked over 40 in a workweek.

6. Barron worked with numerous other individuals who were paid on a salary basis and who were misclassified as exempt employees.

7. These individuals were also non-exempt workers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over 40 per workweek. Instead, Latinos also paid these other individuals a set salary for all hours that they worked in a workweek, if they worked a full week.

8. During her employment with Latinos, if Barron came in late, missed a partial day of work, or missed an entire day of work, Latinos would not pay her the full salary she was promised but made deductions due to her working less than the required 54 hours per week.

9. Similarly, if other salaried employees of Latinos came in late to work or missed partial days or full days of work, their pay was "docked" as well.

10. Latinos was previously sued for overtime violations by a salaried employee in C.A. No. 4:19-cv-2364; *Villegas v. Latinos Unidos Auto Sales, LLC*; In the United States District Court for the Southern District of Texas, Houston Division.

11. A judgment was entered against Latinos in that case.

12. Defendants were therefore aware of their obligations to pay overtime pay to non-exempt salaried employees.

13. Kojori is an individual who is an owner and/or control person of Latinos.

14. Kojori was and is directly involved in the formation and determination of Latinos's employee compensation policies and made the decision to pay Plaintiff and her co-workers on a salary basis without overtime pay.

15. Kojori is an "employer" of the Plaintiff as defined in the FLSA and is jointly and several liable for all damages suffered by Barron and any other individual who opts to join this lawsuit.

**Allegations Regarding FLSA Coverage**

16. Defendant Latinos is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

17. During each of the three years prior to this complaint being filed, Latinos was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

18. During each of the three years prior to this complaint being filed, Latinos regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

19. During each of the three years prior to this complaint being filed, Latinos conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

20. During each of the three years prior to this complaint being filed, Latinos's employees used, sold, or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

21. As a motor vehicle dealership, Latinos was and is regularly engaged in the purchase and sale of motor vehicles that were manufactured outside of the state of Texas.

22. As a motor vehicle dealership, Latinos was and is regularly engaged in the purchase and sale of motor vehicles that were manufactured outside of the United States of America.

**Plaintiff's Claims**

23. Defendants were legally required to pay Barron and her similarly situated salaried co-workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Latinos in excess of 40 in any workweek.

24. Barron worked over 40 hours in nearly all the workweeks that she worked for Latinos.

25. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Latinos.

26. Defendants did not pay Barron an overtime premium for any of the overtime hours that she worked for Latinos.

27. Defendants did not pay the Similarly Situated Workers an overtime premium for any of the overtime hours that they worked for Latinos.

28. The Defendants intentionally misclassified Barron and her co-workers as exempt employees to avoid paying overtime to those employees. In addition to wrongfully taking money and benefits from its employees, Defendants' intentional and knowing actions allowed Latinos to gain an unfair advantage over its competition in the marketplace.

29. The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Similarly Situated Workers. Such practice was and continues to be as to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

30. Defendants violated the FLSA by failing to pay Barron and Similarly Situated Workers overtime pay for hours worked over 40 per workweek.

31. Barron and Similarly Situated Workers have suffered damages as a direct result of Defendants' illegal actions.

32. Defendants are liable to Plaintiff and all Similarly Situated Workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

33. Latinos's failure to pay its employees as required by the FLSA resulted from a

generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying non-exempt workers on a salary basis without paying them overtime pay for hours over 40.

34. This generally applicable policy is prohibited by the FLSA.

35. Barron's experience is typical of the experiences of the Members of the Class.

36. The class of similarly situated Plaintiffs is properly defined as:

> **All individuals who are/were employed by and paid on a salary basis by Defendant Latinos Unidos Auto Sales, LLC during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

37. Defendant Latinos Unidos Auto Sales, LLC is a Texas limited liability company and is an "employer" as defined by the FLSA. Latinos can be served through its registered agent, Arash Darvish Kojori at 5802 North Freeway, Houston, Texas 77076-4001, or wherever he may be found.

38. Defendant Arash Darvish Kojori is an individual who was an "employer" of the Plaintiff during her employment with Latinos. He may be served with process at 5802 North Freeway, Houston, Texas 77076-4001, or wherever he may be found.

39. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

40. Barron demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Barron and all Similarly Situated Workers who join in this action demand:

1. Issuance of notice as soon as possible to all persons who are/were employed by and paid on a salary basis by Latinos Unidos Auto Sales, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Similarly Situated Workers unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF ESTEFANIA BARRON**